UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
:
ROBIN JERSTAD, :
:
　　　　　　　　　　Plaintiff, : 18-CV-10470 (JGK) (OTW)
:
　　　　　-against- : **ORDER**
:
NEW YORK VINTNERS LLC, :
:
　　　　　　　　　　Defendant. :
:
-------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

On October 23, 2019, the Court directed Plaintiff to submit documentation supporting the claimed $1,500 reasonable licensing fee for the allegedly infringed photograph because Plaintiff's conclusory declaration was insufficient. (ECF 31). Plaintiff submitted a supplemental declaration on November 12, 2019, attaching a contract proposal for providing "[p]hoto coverage" of a private event. (ECF 34-1). But the value of providing photography services, for which licensing is only one component, is not an appropriate comparison to determining the fair market value of licensing only. Plaintiff's argument that this provides a "reasonable benchmark" is therefore unsupported. (*See* ECF 34 ¶ 2).

The more appropriate comparison would be to provide pricing for (1) licensing images that are similar to the allegedly infringed photograph, and (2) licensing similar in nature to the use and duration by Defendant. *See, e.g.*, *Michael Grecco Prod., Inc. v. Function(X) Inc.*, No. 18-CV-386 (NRB), 2019 WL 1368731, at *4 (S.D.N.Y. Mar. 11, 2019) (providing licensing fees charged by plaintiff for his photographs for similar duration as the infringement); *Terry v. Masterpiece Advertising Design*, No. 17-CV-8240 (NRB), 2018 WL 3104091, at *4 (S.D.N.Y. June

21, 2018) (where Plaintiff's counsel in the instant suit relied on Getty Images' pricing list of comparable photographs); *Barrera v. Brooklyn Music, Ltd*., 346 F. Supp. 2d 400, 409 (S.D.N.Y. 2004) (noting that a reasonable license fee looks at "type of use, size of use, and circulation"). Despite Plaintiff alleging that he is in the business of licensing photographs, Compl. ¶ 5, Plaintiff fails to provide any evidence of past licensing fees that could be an apt comparison to the infringement here.

Accordingly, Plaintiff shall be given one final chance of providing adequate support for a reasonable licensing fee for the infringed photograph as used by Defendant. Plaintiff shall submit *all* the evidence necessary to support his actual damages claim by **December 10, 2019**. Failure to comply with this Order may result in the Court declining to adopt Plaintiff's claimed actual damages.

**SO ORDERED.**

 _s/ Ona T. Wang_

Dated: December 3, 2019                                      **Ona T. Wang**
     New York, New York                        United States Magistrate Judge